**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: <u>18-12701</u> |
| Shalina Joy Robinson | Judge: VFP |
| Debtor(s) | |

## Chapter 13 Plan and Motions

☐ Original        ☒ Modified/Notice Required        Date: 5/31/2018

☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: <u>DSW</u>        Initial Debtor: <u>SJR</u>        Initial Co-Debtor: _____

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $1492 per Month to the Chapter 13 Trustee, starting on March 2018 for approximately 3 months. Starting on the 4th month- June 2018 - the debtor shall pay $1649 per month. There will be 60 plan payments in all.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☒ Other sources of funding (describe source, amount and date when funds are available): Help from friends and family of approximately $600 per month.

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☐ NONE**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE (fees) | AS ALLOWED BY STATUTE |
| ATTORNEY FEE | ADMINISTRATIVE (fees) | BALANCE DUE: $ 2650.00 |
| INTERNAL REVENUE SERVICE | PRIORITY TAX DEBT | Up to $8790.68 : subject to IRS amended claim for 2017 taxes owed |
| Debtor has a Domestic Support Obligation administered by Prince George County Child Support Office | | All Domestic Support Obligations will be paid outside of this Plan via existing automatic deduction from debtor's paycheck. |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Part 4: | Secured Claims |
|---|---|

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| M&T Bank | Mortgage | $61,075.61 | 4% | $61,075.61 | 2,899.23 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

### Part 5:  Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than ___100_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| U.S. Department of Education c/o FedLoan Servicing P.O. Box 69184 Harrisburg, PA 17106-9184 | Student Loans in deferment as per the DOE claim are $135,148.23 | Paid outside of plan | Zero until deferment ends. Thereafter Debtor will pay the Student Loans in ordinary course. |

### Part 6:  Executory Contracts and Unexpired Leases ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Nissan Motor Credit | None | Automobile lease | Will be paid to creditor directly by debtor. | $495 |

### Part 7: Motions ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Part 8:    Other Plan Provisions**

### a. Vesting of Property of the Estate

☒ Upon confirmation

☐ Upon discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Priority Administrative Claims (Section 3 (a) - Ch. 13 Standing Trustee commissions and Attorney Fees

2) Other Priority Claims

3) Secured Claims

4) Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:  Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified:   February 12, 2018   .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Amending Plan payment (increase)<br>Adding Unsecured Creditor<br>Correcting Attorney Fees<br>Correcting Arrears for M&T<br>Other Clerical Corrections | Amending Plan payment (increase)<br>Adding Unsecured Creditor<br>Correcting Attorney Fees<br>Correcting Arrears for M&T<br>Other Clerical Corrections |

Are Schedules I and J being filed simultaneously with this Modified Plan? Sch I   ☒ Yes   ☐ No

## Part 10:   Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date:  05/31/2018

/s/ David S Waltzer
Attorney for the Debtor

Date:  05/31/2018

/s/ Shalina Joy Robinson
Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 05/31/2018

/s/ David S Waltzer
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 05/31/2018

/s/ Shalina Joy Robinson
Debtor

10

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 18-12701-VFP
Shalina J Robinson                                                      Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2         User: admin              Page 1 of 2              Date Rcvd: Jun 01, 2018
                             Form ID: pdf901          Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 03, 2018.
```
db            +Shalina J Robinson,    560 Parker St.,    Newark, NJ 07104-1512
517328212     +CENLAR,    P.O. Box 77404,    Ewing, NJ 08628-6404
517566667     +Capital One Bank (USA), N.A.,    8020 Towers Crescent Dr,    Suite 5,    Vienna, VA 22182-6202
517566668      Cenlar FSB,    425 Phillips Blvd.,    Ewing, NJ 08618-1430
517328213      FedLoan Servicing,    P.O. Box 69184,    Harrisburg, PA 17106-9184
517328215     +KML Law Group, P.C.,    216 Haddon Ave., Ste. 406,    Westmont, NJ 08108-2812
517328216     +Liberty Savings Federal Credit Union,    666 Newark Ave,    Jersey City, NJ 07306-2398
517328217      M&T Bank,    Attn: Robert Brady / Officer,    One M&T Plaza,    Buffalo, NY 14203
517471887     +Manufacturers and Traders Trust Company, et al,    c/o Cenlar FSB,    425 Phillips Blvd,
                Ewing, NJ 08618-1430
517343858      Nissan - Infiniti LT,    POB 660366,    Dallas, TX 75266-0366
517328219     +Nissan Motor Acceptance Corp,    Attn: Bankruptcy Dept.,    P.O. Box 660360,
                Dallas, TX 75266-0360
517328220     +Sheriff of Essex County,    50 W Market St.,    Newark, NJ 07102-1607
517328221     +Superior Court - NJ - Chancery Division,    Essex Special Civil Part,    50 W Market St.,
                Newark, NJ 07102-1607
517566673     +Terrance E Thorne Sr.,    1103 Alhambra Ave,    Accokeek, MD 20607-3015
517450272      U.S. Department of Education,    C/O FedLoan Servicing,    P.O. Box 69184,
                Harrisburg PA 17106-9184
517566674     +U.S. Department of Education,    400 Maryland Avenue, SW,    Washington, DC 20202-0008
517566675      US Dept of Education c/o FedLoan Serv.,    P.O. Box 69184,    Harrisburg, PA 17106-9184
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Jun 02 2018 00:26:42      U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 02 2018 00:26:38      United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
517328211     +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 02 2018 00:37:29
                Capital One Bank USA NA,    Attn: General Correspondence,    PO Box 30285,
                Salt Lake City, UT 84130-0285
517566669      E-mail/Text: cio.bncmail@irs.gov Jun 02 2018 00:25:59      IRS Centralized Insolvency Ops.,
                Post Office Box 7346,    Philadelphia, PA 19101-7346
517461827      E-mail/Text: bkr@cardworks.com Jun 02 2018 00:25:34      MERRICK BANK,
                Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
517328218     +E-mail/Text: bkr@cardworks.com Jun 02 2018 00:25:34      Merrick Bank Corp,    P.O. Box 9201,
                Old Bethpage, NY 11804-9001
517566670     +E-mail/Text: bankruptcydpt@mcmcg.com Jun 02 2018 00:26:37      Midland Funding,
                2365 Northside Dr #300,    San Diego, CA 92108-2709
517411646     +E-mail/Text: bankruptcydpt@mcmcg.com Jun 02 2018 00:26:37      Midland Funding LLC,
                PO Box 2011,    Warren, MI 48090-2011
517566671     +E-mail/Text: Glenna.Barner@maryland.gov Jun 02 2018 00:27:39
                Prince George County Child Support Office,    Attn: 820155793,    4235 28th Ave,    Suite 135,
                Temple Hills, MD 20748-1718
517566672      E-mail/PDF: resurgentbknotifications@resurgent.com Jun 02 2018 00:37:34
                Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517328222     +E-mail/Text: usanj.njbankr@usdoj.gov Jun 02 2018 00:26:42      United States of America,
                c/o U.S. Attorney,    970 Broad Street,    Newark, NJ 07102-2527
                                                                                              TOTAL: 11

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517328214*     ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                 PHILADELPHIA PA 19101-7346
                (address filed with court:  Internal Revenue Service,    Department of the Treasury,
                 Post Office Box 145566,    Cincinnati, OH 45214)
                                                                                               TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-2          User: admin                Page 2 of 2                  Date Rcvd: Jun 01, 2018
                              Form ID: pdf901            Total Noticed: 28
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 03, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 31, 2018 at the address(es) listed below:
              David S Waltzer    on behalf of Debtor Shalina J Robinson waltzer@waltzerlawgroup.com,
               Jackie@waltzerlawgroup.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    Manufacturers and Traders Trust Company, a/k/a M&T
               Bank, successor by merger with Hudson City Savings Bank rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 4
```