**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| Valuation of Security | Assumption of Executory Contract or Unexpired Lease | Lien Avoidance |

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                                                      Case No.:    _____

                                                                            Judge:       _____

           Debtor(s)

## Chapter 13 Plan and Motions

☐ Original            ☐ Modified/Notice Required              Date: _____

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____      Initial Debtor: _____      Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

    a.    The debtor shall pay $1547 per month to the Chapter 13 Trustee, starting on March 2018 for 60 months.

        There will be 60 plan payments in all.

   b. The debtor shall make plan payments to the Trustee from the following sources:

        Future earnings

        Other sources of funding: Help from friends and family of approximately $600 per month

.

   c.  Use of real property to satisfy plan obligations:

     ☐ Sale of real property
     Description:

     Proposed date for completion: _____

     ☐  Refinance of real property:
     Description:
     Proposed date for completion: _____

     ☐  Loan modification with respect to mortgage encumbering property:
     Description:
     Proposed date for completion: _____

   d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

   e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☐ NONE**

  a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

  b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE TRUSTEE FEES | AS ALLOWED BY STATUTE |
| LAW OFFICES OF DAVID S WALTZER PC | ADMINISTRATIVE ATTORNEY FEES | BALANCE DUE: $ 1500. |
| INTERNAL REVENUE SERVICE | | |
| PRINCE GEORGE COUNTY CHILD SUPPORT OFFICE | DOMESTIC SUPPORT | All Domestic Support Obligations will be paid in full outside of this Plan via existing automatic deductions from Debtor's paycheck. |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☐ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

**a.  Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| M&T Bank AKA CENLAR FSB 425 Phillips Blvd. Ewing, NJ 08618-1430 | Mortgage on Real Property at: 560 Parker St. Newark NJ 07104 AKA: 266-270 Delavan Ave Newark, NJ 07104 | $61,075.61 | 4% | $61,075.61 | $2899.23 |

**b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c.  Secured claims excluded from 11 U.S.C. 506:** ☐ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

| **g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE** | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
| | | |

**Part 5:   Unsecured Claims** ☐ **NONE**

   a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

   ☐ Not less than $ _____ to be distributed *pro rata*

   ☐ Not less than _____ percent

   ☐ *Pro Rata* distribution from any remaining funds

   b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| U.S. Department of Education<br>c/o FedLoan Servicing<br>P.O. Box 69184<br>Harrisburg, PA 17106-9184 | Student Loans in deferment as per the DOE claim are $135,148.23 | Paid outside of plan. Zero due until deferment ends. Thereafter, Debtor will pay the Student Loans in ordinary course. | Zero to be paid through the Plan. |

**Part 6:   Executory Contracts and Unexpired Leases** ☐ **NONE**

   (NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

   All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Nissan Motor Credit | NONE | Automobile Lease | Will be paid to creditor Directly by Debtor | $495 |

| **Part 7:** | **Motions** ☐ **NONE** |
|---|---|

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☐ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☐    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Priority Administrative Claims: Ch 13 Standing Trustee Commissions and Fees to Debtor's Attorney
2) Priority Claims_____
3) _____
4) Unsecured Claims_____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified:<br><br>Adjusting plan payment<br>Correcting payment to IRS<br>Correcting language in Plan<br>Reducing attorney fees | Explain below **how** the plan is being modified:<br>Adjusting plan payment to $1547 for 60 months<br>Correcting payment to IRS to $4751.78<br>Correcting language in Plan RE secured loan<br>Reducing attorney fees to $1500. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☐ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _____          _____
                                                                                Attorney for the Debtor

Date: _____          _____
                                                                                Debtor

Date: _____          _____
                                                                                Joint Debtor

| **Signatures** |
|---|
| The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.<br><br>Date: _____    _____<br>                                                                                         Attorney for the Debtor<br><br>I certify under penalty of perjury that the above is true.<br><br>Date: _____    _____<br>                                                                                         Debtor<br><br>Date: _____    _____<br>                                                                                         Joint Debtor |